E. H. BAILEY & CO. v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. March 15, 1905.)

No. 18.

CUSTOMS DUTIES—CLASSIFICATION—METAL BUCKLES—SLIPPER ORNAMENTS—JEWELRY.

*Held*, that certain slides or buckles, made of steel or a base metal, some ornamented with rhinestones and some colored in imitation of precious metals, and used in ornamenting slippers, are not within the provision in paragraph 434, Tariff Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for "articles commonly known as jewelry," but are dutiable as manufactures of metal, not specially provided for, under paragraph 193 of said act, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645].

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below related to merchandise imported by E. H. Bailey & Co. at the port of Philadelphia, and, following a previous decision of the board on the same subject (In re Stern, G. A. 4,306, T. D. 20,298), affirmed the assessment of duty by the collector of customs at that port.

Hatch, Keener & Clute, for petitioners.

Wm. M. Stewart, Jr., and J. Whitaker Thompson, for the United States.

J. B. McPHERSON, District Judge. The articles in question are slides or buckles made of cut steel, or a base metal, some ornamented with rhinestones, and some colored in imitation of gold or silver. They were imported in 1899, 1900, and 1901, to be used, and were in fact used, in the manufacture of slippers, partly to cover certain imperfections in the making, and partly as ornaments, and are not adapted for any other use. The collector classified them under paragraph 434

of the act of July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], which imposes duty as follows:

"Articles commonly known as jewelry, and parts thereof, finished, or unfinished, not specially provided for in this act, including precious stones, set, pearls, set or strung, and cameos in frames, sixty per centum ad valorem."

The importers protested that the duty should have been imposed under paragraph 193, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], which levies a duty of 45 per centum ad valorem upon—

"Articles or wares, not specially provided for in this act, composed wholly, or in part, of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured."

The Board of General Appraisers sustained the collector upon the authority of G. A. 4,306, and the partial affirmance of that decision by the Circuit Court for the Southern District of New York in Bader v. United States (C. C.) 116 Fed. 541, saying:

"We find from an inspection of the samples and the record that this merchandise is identical in character with that passed upon by the board in G. A. 4,306 (T. D. 20,298), which decision, upon appeal, was affirmed by the Circuit Court for the Southern District of New York."

I am unable to agree with this finding of fact. The samples that were offered in evidence in Bader's Case are before me, and it seems clear to my mind that they differ materially from the articles in question in the present case. Not much testimony has been offered, but what there is tends toward the same conclusion. In my opinion, inspection of the articles is all that is needed to satisfy the mind with approximate certainty that they are not "commonly known as jewelry." They would, I think, be more properly described as millinery goods, trimmings, or findings.

The decision of the Board must be reversed.